I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: April 14, 2008

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
APR 14 2008
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. GRESHAM,<br><br>　　　　Petitioner,<br><br>　v.<br><br>A. HEDGPETH, warden<br><br>　　　　Respondent. | Case No. EDCV 08-00452 CAS (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Michael A. Gresham ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises two claims directed at Petitioner's 2005 conviction and related prison sentence of forty-one years that he sustained following a second jury trial in the Riverside Superior Court. (Pet. 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records[1]

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take (continued...)

show Petitioner sustained his underlying conviction and sentence on August 5, 2005. (Pet. 2.) On direct review, Petitioner filed a timely appeal with the California Court of Appeal that affirmed the judgment and sentence on June 22, 2006, and Petitioner did not file a petition for review with the California Supreme Court. (Pet. 2-3.) *People v. Greshem*, case no. E038880, unpub. op. (Cal. App. Ct., 2d Dist./Div., filed June 22, 2006). Therefore, for purposes of AEDPA's limitation period, his judgment of conviction became final on August 1, 2006, the fortieth day after his petition for review was denied by the intermediate appellate court and the date his time for filing a petition for review with the California Supreme Court expired. *See* Cal. R. Ct. 8.264(b)(1); 8.500(e)(1); *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002). The limitation period then started to run the next day, August 2, 2006, and ended a year later on August 1, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not constructively[2] file the pending Petition until March 24, 2008 -- 235 days after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period

---

[1] (...continued) judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on April 3, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 24, 2008, the date he signed it. (Pet. 8.)

1  under 28 U.S.C. § 2244(d)(1).

2  **C.  Statutory Tolling**

3  AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). In *Nino v. Galaza*, 183 F. 3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." However, a state petition is only "pending" if filed within a "reasonable time." *Saffold*, 536 U.S. at 221; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On July 2, 2007 -- 335 days after the one-year limitation period started to run on August 2, 2006 -- Petitioner filed his first and only state habeas petition with the California Supreme Court and, on October 31, 2007, the petition was denied, leaving thirty days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 335-day period, because there was no case "pending" during this interval. *See Nino*, 183 F.3d at 1006 (stating that AEDPA's limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval).

Petitioner is entitled to statutory tolling while his only state habeas petition was filed and later denied by the California Supreme Court on October 31, 2007. 28 U.S.C. § 2244(d)(2); *Saffold*, 536 U.S. at 220, *Nino*, 183 F. 3d at 1006. Given 121 days of statutory tolling, the limitation period was extended from August 1, 2007, to November 30, 2007.

Petitioner then waited until March 24, 2008 -- 115 days after the extended limitation deadline to constructively file his pending Petition. Petitioner is not entitled to statutory tolling during this 115 day delay because no case was "pending." 28 U.S.C. § 2244(d)(2); *Nino*, 183 F.3d at 1005-07. Therefore, this Court concludes that this Petition, constructively filed on March 24, 2008, is untimely by 115 days.[3]

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///
///

---

[3] Specifically, the 115 days represents the untolled time between the extended limitation deadline (November 30, 2007) and the Petition's constructive filing date (March 24, 2008).

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///
///
///

# ORDER

Based upon the foregoing, the Court finds the Petition, attached exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **May 2, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that, if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: April 11, 2008

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE